# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| SABRE GLBL INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:25-cv-01142 |
| § | |
| BRITISH AIRWAYS PLC, § | |
| § | |
| Defendant. § | |

## ORIGINAL COMPLAINT

Sabre GLBL Inc. (as successor in interest to American Airlines, Inc.) ("Sabre") files this its Original Complaint (the "Complaint") against British Airways, PLC ("British Airways") and hereby alleges and avers as follows:

### INTRODUCTION

1. This is a declaratory judgment action that relates to the characterization of a tax paid by Sabre to His Majesty's Revenue and Customs Treasury of the United Kingdom.

2. Sabre and British Airways have a longstanding business relationship that extends nearly 35 years, and Sabre values its extensive relationship with British Airways as a trusted commercial partner. Sabre grudgingly files this Complaint – but, after months of negotiation between the parties, British Airways has left Sabre with no other option. As a result, Sabre seeks a declaration from this Court regarding the characterization of the tax Sabre paid to the United Kingdom.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Sabre and British Airways.

4. Venue is proper in the Northern District of Texas pursuant to the Sabre Participating Carrier Distribution and Services Agreement (the "Services Agreement"). Therein, the parties consented to the "non-exclusive jurisdiction of the courts of the State of Texas in any dispute arising out of this Agreement." *See* Exhibit "A", Services Agreement, Schedule 1 at §II(J). Further, venue is proper in the Northern District of Texas because British Airways contracted with Sabre, an entity domiciled in the Northern District of Texas, to license certain services to British Airways. As such, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district where Sabre has been domiciled throughout the entirety of the parties' business relationship.

## PARTIES

5. Plaintiff Sabre is a corporation organized under the laws of Delaware, with its principal place of business at 3150 Sabre Drive, Southlake, Texas 76092.

6. Defendant British Airways is a foreign corporation organized under the laws of the United Kingdom with a principal place of business at Waterside, PO Box 365, Harmondsworth, United Kingdom. British Airways can be served via its registered agent in Texas: CT Corporation System, 1999 Bryan Street, Ste. 900 Dallas, Texas 75201-3136.

## BACKGROUND

7. This action arises out of British Airways' refusal to recognize that the Digital Services Tax ("DST") Sabre paid in 2025 is a "Tax" as that term is used in the Services Agreement.

8. In 1991, Sabre executed the Services Agreement with British Airways. The Services Agreement licenses certain computerized reservation services owned and marketed by Sabre to British Airways.

9. In the Services Agreement, British Airways committed to various responsibilities including, but not limited to, the reimbursement of all domestic and foreign taxes Sabre incurs as a result of the parties' association.

10. Effective April 1, 2020, the United Kingdom enacted the Finance Act of 2020, including Sections 39-72, that required the payment of a 2% DST based on "the revenues of search engines, social media services and online marketplaces which derive value from UK users."[1]

11. On March 30, 2022, Sabre registered with His Majesty's Revenue and Customs Treasury of the United Kingdom because His Majesty's Revenue and Customs Tax Manual included an example of a GDS in an online marketplace – similar to Sabre's online business-to-business marketplace that facilitates travel by efficiently bringing together travel content such as inventory, prices, and

---

[1] His Majesty's Revenue & Customs, Digital Services Tax
https://www.gov.uk/government/publications/introduction-of-the-digital-services-tax/digital-services-tax (last visited Oct. 14, 2025).

availability from a broad array of travel suppliers with a large network of travel buyers.

12. On October 1, 2024, Sabre paid a DST of US $453,863.00 to His Majesty's Revenue and Customs Treasury of the United Kingdom. Sabre incurred the DST solely because of British Airways' use of Sabre's reservation services.

13. British Airways has refused to recognize that the DST is a "Tax" as that term is used in the Services Agreement.

14. Subsequently, on August 26, 2025, Sabre invoiced British Airways to reimburse Sabre and reminded British Airways of its responsibilities in the Services Agreement, namely:

> Taxes – In addition to any other charges set forth in this Agreement, [British Airways] shall pay to [Sabre] all license fees, sales, use, excise, personal property, or other taxes and any and all domestic and foreign duties, import and export fees and licenses, howsoever designated, now or hereafter imposed by any federal, state or local taxing authority or any foreign government or agency thereof, arising in connection with this Agreement, including, but not limited to, [British Airways'] use of SABRE at its offices, except taxes payable or based on [Sabre's] net income.

Exhibit "A", Services Agreement, Schedule 1 at §II(A).

15. To date, British Airways has rejected Sabre's reimbursement request.

16. Although Sabre considers British Airways a valuable commercial partner, British Airways' refusal to classify the DST as a "Tax" that is subject to reimbursement has left Sabre with no other option than to commence this dispute.

**ORIGINAL COMPLAINT**                                                                                      Page 4

## COUNT 1

### Declaratory Judgment (28 U.S.C. § 2201)

17.     Sabre incorporates by reference Paragraphs 1-16 above as if set forth fully herein.

18.     British Airways has refused to recognize that the DST is a "Tax" as the term is used in the Services Agreement.

19.     By reason of the foregoing, there is an actual controversy between Sabre and British Airways as to whether the DST is a "Tax."

20.     By reason of the foregoing, Sabre is entitled to a declaratory judgment of the Court adjudging and decreeing that the DST is a "Tax" and subject to reimbursement under the Services Agreement.

## COUNT II

### Attorney's Fees

21.     Sabre incorporates by reference Paragraphs 1-20 above as if set forth fully herein.

22.     The Services Agreement contains an explicit "Indemnification" clause, whereby

> Each party (the "Indemnitor") shall defend, indemnify, and hold the other (the "Indemnitee"), its officers, directors, employees and agents, harmless from any and all liabilities, damages and claims (including litigation costs, expenses, and attorney's fees) which may be suffered by, accrued against, charged to, or recoverable from the Indemnitee, its officers, directors, employees, and agents, by reason of or in connection with the Indemnitor's performance, non-performance, or improper performance of the provisions of this Agreement.

Exhibit "A", Services Agreement, Schedule 1 at §II(B).

23. Sabre has incurred, and continues to incur, attorney's fees as a result of British Airways' non-performance of the Services Agreement.

24. Sabre is entitled to the reimbursement of its attorney's fees incurred seeking British Airways' recognition of its obligations in the Services Agreement.

## PRAYER FOR RELIEF

Sabre respectfully requests that the Court:

a) declare that the DST is characterized as a "Tax" as the term is used in the Services Agreement; and,

b) award Sabre any such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Aimee M. Furness*
Aimee M. Furness
State Bar No. 24026882
aimee.furness@haynesboone.com
Joseph Barber Pinto
State Bar No. 24131593
joe.pinto@haynesboone.com

Haynes and Boone, LLP
2801 N Harwood St. Suite 2300
Dallas, Texas 75201
(214) 651-5000 (Telephone)
(214) 651-5940 (Telecopier)

**ATTORNEYS FOR PLAINTIFF SABRE GLBL INC.**